UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| *In Re:* ) | | |
| LUIS H. RIVAS, ) | | |
| ) | | |
| Debtor, ) | | |
| ) | | |
| W. GREY STEED, TRUSTEE, ) | No. 1:09-CV-176 | |
| ) | | |
| Plaintiff, ) | Chief Judge Curtis L. Collier | |
| ) | | |
| v. ) | | |
| ) | | |
| KNOX FOREX GROUP, LLC, SAJI ) | | |
| GOPINATHAN, SANJAY THAKUR, ) | | |
| AMIT VORA, ABHIJEET VORA, VINAY ) | | |
| GUPTA, SHYAM NAIR, WILLIAM KING, ) | | |
| THOMAS KING, and SURESH URATH, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM

Before the Court is a Motion for Withdrawal of Reference filed by Defendants Knox Forex Group, LLC, Saji Gopinathan, Sanjay Thakur, Amit Vora, Abhijeet Vora, Vinay Gupta, Shyam Nair, William King, Thomas King, and Suresh Urath ("Defendants") requesting the Court withdraw reference to the United States Bankruptcy Court of Plaintiff's federal causes of action against Defendants (Court File No. 1). Plaintiff does not object to Defendants' motion (Court File No. 4). For the following reasons, the Court will **GRANT** Defendants' motion.

**I.     RELEVANT FACTS**

An involuntary petition was filed against Luis Rivas d/b/a The Forex Group ("Debtor") on May 15, 2008, and an Order for Relief was entered on June 10, 2008 (*In re Luis H. Rivas d/b/a The Forex Project (In re Rivas)*, 1:08-bk-12333, Court File Nos. 1, 25). Plaintiff is currently serving as trustee in the bankruptcy case and was appointed initially on June 6, 2008, as Interim Trustee (*In re Rivas*, 1:08-bk-12333, Court File No. 15). On September 25, 2008, Plaintiff filed a complaint seeking to avoid preferences, fraudulent conveyances and post-petition transfers and to recover funds fraudulently conveyed to Defendants by Debtor under 11 U.S.C. §§ 547, 544, 548, and 549 (*In re Rivas*, 1:08-ap-01140, Court File No. 1). Plaintiff filed its adversary complaint in the Bankruptcy Court, claiming jurisdiction was proper under 28 U.S.C. §§ 1334 and 157. Defendants now seek to withdraw the case from the Bankruptcy Court.

## II. DISCUSSION

Federal district courts have original jurisdiction over all civil proceedings "arising in or related to cases under title 11" of the United States Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may, however, automatically refer such cases to the bankruptcy courts of the district. 28 U.S.C. § 157(a). A district court *must* withdraw this reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" and *may* withdraw this reference "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Defendants do not contend withdrawal is mandatory in this instance, but instead argue they have shown good cause to warrant permissive withdrawal.

Permissive withdrawal of reference "is not intended to be an 'escape hatch' from bankruptcy

2

Case 1:09-cv-00176-CLC-SKL   Document 5   Filed 09/08/09   Page 2 of 8   PageID #: 29

court into district court," therefore, "courts prefer to grant such relief only in a limited class of proceedings." *Holland v. LTV Steel Co., Inc.*, 288 B.R. 770, 772-73 (N.D. Ohio 2002); *see also Citicorp North America, Inc. v. Finley (In re Washington Mfg. Co.)*, 133 B.R. 113, 116 (M.D. Tenn. 1991) ("[O]nly a compelling cause warrants withdrawal from the automatic reference to bankruptcy under the non-mandatory provision."); *but see Millennium Studios, Inc. v. Roland (In re Millennium Studios, Inc.)*, 286 B.R. 300, 303 (D. Md. 2002) ("The district court has 'broad discretion' in deciding whether reference should be withdrawn for cause shown."). The moving party carries the burden of proving the reference should be withdrawn. *Holland*, 288 B.R. at 773.

Courts consider a number of factors in determining whether to withdraw reference to bankruptcy court: (1) whether the matter at issue between the parties is "core" within the meaning of 28 U.S.C. § 157(b)(2); (2) judicial economy; (3) promotion of uniformity in bankruptcy administration; (4) reducing forum shopping and confusion of fora; (5) conservation of creditor and debtor resources; (6) expediting the bankruptcy process; and (7) the presence of a jury demand. *See Keystone Oncology, LLC v. Cohen (In re EquiMed, Inc.)*, 259 B.R. 269, 273 (D. Md. 2001); *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 754-55 (W.D. Ky. 1995). Defendants argue withdrawal is warranted because Plaintiff's claims seek monetary damages, Defendants are entitled to a jury trial, and Defendants do not consent to a jury trial by the bankruptcy court (*see* Court File No. 2 at 2-3).

### A. Core Nature of Plaintiff's Complaint

Generally, when a proceeding is classified as a core proceeding, it is less likely to be withdrawn from the bankruptcy court. In addressing a motion for withdrawal of reference, courts ascertain whether the claim is core or non-core, "since it is upon this issue that questions of

3

efficiency and uniformity will turn." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993) *cert dismissed,* 511 U.S. 1026 (1994). Core proceedings are proceedings over which bankruptcy courts may preside and enter orders and judgments. Generally, "[a] core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Eglinton v. Loyer, et al. (in re G.A.D., Inc.)*, 340 F.3d 331, 336 (6th Cir. 2003) (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992)). Examples of such proceedings are set out in a non-exclusive list at 28 U.S.C. § 157(b)(2) and include "proceedings to determine, avoid, or recover preferences," and "proceedings to determine, avoid or recover fraudulent conveyances." 28 U.S.C. § 157(b)(2)(F), (H).

Plaintiff's claims are core proceedings as they fall directly under federal bankruptcy law. 28 U.S.C. § 157 (b)(2)(F), (H). This factor would weigh against withdrawal and in favor of maintaining the action in bankruptcy court. However, even in core proceedings, a bankruptcy court is not authorized to conduct a jury trial absent parties' consent. 28 U.S.C. § 157(e). Because Defendants have demanded a jury trial, the fact that the proceeding is deemed a core proceeding does not end the analysis.

    **B.    Defendants' Right to A Jury Trial and Timely Demand**

Defendants' demand for a jury trial factors heavily in assessing whether to withdraw the reference. Bankruptcy courts are only authorized to conduct a jury trial if it is specially designated to exercise such jurisdiction by the district court and with express consent of all parties. 28 U.S.C. § 157(e). Courts have generally held the right to a jury trial constitutes sufficient "cause" to withdraw the reference in cases where there is a right to a jury trial, a timely demand has been made,

4

and there is no mutual consent to trial before the bankruptcy court. *See, e.g.*, *NDEP Corp. v. Handl-It Inc. (In re NDEP Corp.)*, 203 B.R. 905, 914 (D. Del. 1996) (finding withdrawal "compelled" because the parties had not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and the court had not made a special designation of jurisdiction, thus bankruptcy court not statutorily empowered to hold a jury trial); *Hudson Rondout Corp. v. Green (In re Green)*, 200 B.R. 296, 299 (S.D.N.Y. 1996) (holding the reference should be withdrawn with regard to non-core matters where a party demands a jury trial and refuses to consent to resolution of non-core matters by the bankruptcy court); *In re Hardesty*, 190 B.R. 653, 655 (D. Kan. 1995) ("Sufficient cause for withdrawal of reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court.").

Defendants are entitled to a jury trial. Plaintiff seeks to recover funds fraudulently conveyed to Defendants in the adversary proceeding in the amount of $1,717,000. (*In re Rivas*, 1:08-ap-01140, Court File No. 1). The right to a jury trial in this type of action has been well established. *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989). In *Granfinanciera*, the Court determined an action to recover fraudulent conveyances should be characterized as a legal, not equitable, action. 492 U.S. at 44-48. Defendants have preserved this right by making a timely demand for a jury in their answer (*In re Rivas*, 1:08-ap-01140, Court File No.34).

Furthermore, Defendants have filed no claims in bankruptcy against the estate and cannot be deemed to have relinquished their rights to a jury trial. *See Granfinanciera*, 492 U.S. at 58-59; *Citicorp North America, Inc. v. Finley (In re Washington Manuf. Co.)*, 133 B.R. 113, 116-18 (M.D. Tenn. 1991) (finding "because Citicorp had already filed claims against the bankruptcy estate when

5

the trustee filed fraudulent conveyance and preference counterclaims, the trustee has no right to a jury trial, and therefore there is no 'cause shown' to withdraw the reference to bankruptcy"). Defendants have not consented to a jury trial in bankruptcy court and have not filed any proof of claim that would suggest a relinquishment of their right to a jury trial.

Defendants' entitlement to a jury trial weighs heavily in support of a withdrawal from bankruptcy court. Defendants made a timely demand for a jury in their answer, this demand is warranted based on the nature of relief sought by Plaintiff, and the bankruptcy court cannot conduct a jury trial with out the statutorily mandated consent. Thus, the need for a jury trial outweighs the determination that the matter is a core proceeding and supports granting a motion to withdraw.

### C.  Judicial Economy

Considerations of judicial economy weigh in favor of withdrawing the reference. Courts aim to avoid a needless duplication of efforts in both the bankruptcy and district courts and thus consider the likelihood cases will make it to trial before withdrawing based on a jury demand. Courts have recognized the merit in delaying withdrawal until closer to trial to avoid unnecessary and premature action in cases unlikely to reach trial. *See, e.g.*, *In re Hardesty,* 190 B.R. 653 (D. Kan. 1995); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-2 (2nd Cir. 1993), *cert dismissed,* 511 U.S. 1026 (1994) (reasoning "a district court might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court."). Accordingly, a "rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." *In re Kenai Corp.*, 136
6

B.R. 59, 61 (S.D.N.Y. 1992).

Here, the parties are scheduled for trial on September 29, 2009 (*In re Rivas*, 1:08-ap-01140, Court File No. 39). The Court adheres to precautions raised in its decision, *In re Wright*, No. 05-222, 2005 WL 2245981 (E.D. Tenn. Sept. 13, 2005). In *Wright*, this Court granted a motion to withdraw based on similar considerations but cautioned:

> the Court does not intend to issue blanket approval to withdraw the reference simply because a jury demand had been made, or to suggest judicial economy is always best served by withdrawal of reference. Indeed a rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme.

2005 WL2245981 at *2 (internal citations omitted). Defendants are within two months of their scheduled trial, and a withdrawal is not premature and furthers the interests of judicial economy.

### D. Withdrawal of Reference

The adversary proceeding to avoid preferences, fraudulent conveyances and post-petition transfers, and to recover funds fraudulently is a core proceeding under 28 U.S.C. § 157 (b)(2)(F), (H). This would ordinarily be best decided by the bankruptcy court. However, Defendants have demanded a jury trial and "it does not matter for Seventh Amendment purposes that the plaintiff's claim alleging a preference action is a core proceeding." *Disbursing Agent of Murray F. Hardesty Estate (In re Hardesty)*, 190 B.R. 653, 655 (D. Kan. 1995). Defendants made a timely demand for a jury trial and are entitled to this trial based on the nature of the relief sought. Defendants do not expressly consent to a jury trial in bankruptcy court, one of the requirements under 28 U.S.C. § 157(e). Thus, without this consent, the bankruptcy judge may not conduct the jury trial even in a core proceeding. Furthermore, the time for trial is within two months and granting the motion at this time would not be premature and is consistent with interests of judicial economy. After weighing

7

the above factors, the Court concludes withdrawal of the reference is warranted.

**III     CONCLUSION**

Although the nature of the adversary proceeding is classified as a core proceeding, Defendants are entitled to a jury trial based on the nature of Plaintiff's complaint and the monetary relief sought. Because the Defendants have made a timely demand to exercise their right to a jury trial and do not consent to trial before a bankruptcy court, the Court concludes withdrawal of the reference is appropriate in this case. The Court will therefore **GRANT** Defendants' Motion to Withdraw the Reference (Court File No. 1).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**